HB IV

NOT PRECEDENTIAL

54

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1091

FILED

MAR - 9 2007

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

CHRISTOPHER SCHMIDT, D.O.,
Appellant

v.

J. CRAIG CURRIE, ESQUIRE; *IRENE M. McLAFFERTY, ESQUIRE;
J. CRAIG CURRIE & ASSOCIATES; CURRIE & McLAFFERTY;
STANLEY DIETZ; DOLORES DIETZ

(*Dismissed per Court Order of 8/11/06)

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 04-cv-4233 - File
(Honorable Harvey Bartle III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2007

Before: SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Filed February 14, 2007)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

This appeal arises from an action brought by Christopher Schmidt, D.O., under

Pennsylvania's Dragonetti Act, 42 Pa. Cons. Stat. §§ 8351–8354, against J. Craig Currie

and Irene M. McLafferty, and the law firms of J. Craig Currie & Associates and Currie &

McLafferty ("defendants").[1]  Dr. Schmidt contends defendants wrongfully initiated a civil

proceeding against him in the underlying medical malpractice suit, *Stanley and Dolores*

*Dietz v. Christopher Schmidt, D.O., et al.*, No. 000503387 (Phila. County Ct. C.P. Nov. 7,

2000).  The District Court granted defendants' motion for summary judgment under Fed.

R. Civ. P. 56(c).  We will affirm.

## I.

In 1998, Stanley Dietz sought treatment from Northeast Urological Associates.

Dr. Leucci, a physician with the group, first diagnosed Dietz with Peyronie's disease.

Shortly thereafter, Dr. Schmidt, also a physician with the group, became Dietz's treating

physician.  On December 11, 1998, Dr. Schmidt performed surgery on Dietz.

Mr. and Mrs. Dietz brought a medical malpractice action against Dr. Schmidt in

Philadelphia County Court of Common Pleas on May 23, 2000.  Defendants Currie and

McLafferty represented the Dietzes in that action.  In the underlying medical malpractice

---

[1] Dr. Schmidt originally brought suit against Stanley and Dolores Dietz.  In a
December 16, 2005, Order, the District Court dismissed with prejudice Mr. and Mrs.
Dietz as parties to the case.

On August 11, 2006, this Court granted dismissal with prejudice as to Irene M.
McLafferty.

continuing a medical malpractice action, and contended they had met that standard of

care. Dr. Schmidt did not produce an expert report in his answer to defendants' Motion

for Summary Judgment. The District Court granted defendants' Motion for Summary

Judgment on December 9, 2005, holding expert evidence to establish the professional

standard of care was required to survive a motion for summary judgment. *Schmidt v.*

*Currie*, No. 04-4233, 2005 WL 3418461, at *4 (E.D. Pa. Dec. 9, 2005). Accordingly, the

court granted defendants' motion because Dr. Schmidt had not presented expert evidence,

and the facts were not so simple as to fall within the layperson exception. *Id.* at *6–7.

Dr. Schmidt timely appeals the District Court's summary judgment order.

## II.

The District Court had diversity jurisdiction under 28 U.S.C. § 1332 and we have

jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo,

applying the same test on review as the District Court. *MBIA Ins. Corp. v. Royal Indem.*

*Co.*, 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment is proper when "the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An

issue of material fact is genuine only when such evidence could cause a reasonable jury to

return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). When the non-moving party bears the burden of proof at trial, the moving

4

party's burden may be discharged by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden then shifts to the non-moving party, who "may not rest on the mere allegations or denials of the adverse party's pleading . . . but must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the adverse party does not adequately respond, summary judgment shall be entered against the adverse party. *Id.*

## III.

### A. Elements of a Dragonetti Act Claim

The Dragonetti Act codifies the common law tort of wrongful use of civil proceedings in Pennsylvania. 42 Pa. Con. Stat. §§ 8351–8354. Dragonetti Act claims may be brought against parties and the attorneys that represent them. *Id.* To prevail on a Dragonetti Act claim, a plaintiff must prove that "a person who [took] part in the procurement, initiation or continuation of civil proceedings against another . . . : (1) [acted] in a grossly negligent manner or without probable cause and primarily for [an improper] purpose . . . ; and (2) the proceedings . . . terminated in favor of the person against whom they [were] brought."[2] *Id.* The statute defines probable cause for purposes of the Act, in part, as follows:

> A person . . . has probable cause . . . [if] he reasonably believes in the existence of the facts upon which the claim is based, and either:

---

[2] There is no dispute that the underlying medical malpractice claim terminated in favor of Dr. Schmidt.

> (1) Reasonably believes that under those facts the claim may
> be valid under the existing or developing law; . . . [or]
> (3) Believes as an attorney of record, in good faith that his
> procurement, initiation or continuation of a civil cause is not
> intended to merely harass or maliciously injure the opposite
> party.

§ 8352. "[A] party seeking redress under [the] Dragonetti [Act] bears a heavy burden,"

*U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 394 (3d Cir. 2002), because the

plaintiff need not only demonstrate either probable cause or gross negligence, but must

also prove the underlying action was filed for an improper purpose. *See Broadwater v.*

*Sentner*, 725 A.2d 779, 784 (Pa. Super. Ct. 1999).

The court decides the existence of probable cause, gross negligence, or improper

purpose as a matter of law when the facts are not in dispute. *See Wainauskis v. Howard*

*Johnson Co.*, 488 A.2d 1117, 1122 (Pa. Super. Ct. 1985); *Meiksin v. Howard Hanna Co.,*

*Inc.*, 590 A.2d 1303, 1305 (Pa. Super. Ct. 1991); *Bannar v. Miller*, 701 A.2d 242, 248

(Pa. Super. Ct. 1997). If there is a factual dispute as to probable cause, gross negligence,

or improper purpose, then the matter is for the fact-finder to determine. *Bannar*, 701

A.2d at 249. Dr. Schmidt contends the District Court erred in granting summary

judgment because there existed a dispute as to "credible fact" that should have been

resolved by a jury. (Appellant Br. 24.) Dr. Schmidt contends the defendants did not have

probable cause to initiate or continue the underlying malpractice action because the facts

upon which they relied lacked any credibility. (Appellant Br. 23–24.) But the District

Court held Dr. Schmidt's failure to offer expert testimony as to the appropriate standard

6

of care for attorneys initiating or continuing a legal action created no genuine issues of material fact. At issue is whether Dr. Schmidt, in this Dragonetti action against an attorney, should have presented expert testimony to survive summary judgment.

## B. Expert Requirement

We have held previously that expert testimony is required in legal malpractice actions. *See Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 480–83 (3d Cir. 1979) (affirming District Court's involuntary dismissal of a legal malpractice action where the plaintiff did not present expert testimony to establish the relevant standard of care); *see also Storm v. Golden*, 538 A.2d 61, 65 (Pa. Super. Ct. 1988) (expert testimony required for fact-finder to assess the "reasonable degree of care and skill related to common [legal] professional practice in handling real estate transaction[s]"). In *Gans v. Mundy*, 762 F.2d 338, 343 (3d Cir. 1985), we upheld the grant of summary judgment in favor of the defendant when the plaintiff failed to present expert testimony. We stated:

> the burden devolved upon [the plaintiff] to oppose [the defendant's] factual averments [in his motion for summary judgment] with expert evidence demonstrating that the [defendant's] conduct failed to meet the appropriate standard of care . . . [and when the p]laintiff failed to discharge this critical burden . . . he did not create a factual dispute as to the applicable standard of care [necessary to survive summary judgment].

*Id.* The only exception is where the issues are simple and within a layperson's comprehension. *See Lentino*, 611 F.2d at 48 (finding an exception to the expert requirement "where the matter under investigation is so simple, and the lack of skill so obvious, as to be within the range of the ordinary experience and comprehension of even

7

non-professional persons"); *see also Rizzo v. Haines*, 555 A.2d 58, 66–67 (Pa. 1989)

(finding expert not required to establish standard of care for an attorney's disclosure of

settlement offers to his client or fiduciary transactions with his client); *Bannar*, 701 A.2d

at 249 (holding, in a Dragonetti case, expert testimony not required in actions where

"[a]ppellants make no contention the issues were complex or beyond the knowledge of

the average person").

  The District Court here found that a "Dragonetti action against an attorney is

analogous to a legal malpractice action."  On the basis of the facts, the court held that Dr.

Schmidt should have produced expert testimony to survive summary judgment. *Schmidt*,

No. 04-4233, 2005 WL 3418461, at *6–7.  We agree.  Expert testimony assists the jury in

its determination of a defendant's conformity to the relevant standard of care when the

standard is one that requires special expertise to comprehend. *See Lentino*, 611 F.2d at

481 ("The expert witness in professional malpractice is necessary to . . . assist the jury in

its determination of defendant's conformity to the relevant standard [of care]."); *Nat'l*

*Cash Register v. Haak*, 335 A.2d 407, 410–11 (1975) (requiring expert testimony for a

subject that "requires special experience" for a jury to adequately comprehend); *Storm*,

538 A.2d at 64 ("[W]hen dealing with the higher standards attributed to a professional in

any field a layperson's views cannot take priority without guidance as to the acceptable

practice in which the professional must operate."); *Rizzo*, 555 A.2d at 66 ("[E]xpert

testimony is essential where it would help the finder of fact understand an issue that is beyond the knowledge of the average person.").

The issue in this case is not "a simple one of credibility," as Dr. Schmidt contends. Rather, a jury would have to navigate the contours of professional legal judgment and determine whether defendants made a proper assessment whether to initiate or continue a civil action against the plaintiff in the underlying action. In Dragonetti actions against attorneys, Pennsylvania courts have applied Restatement (Second) of Torts § 674 cmt. d (1977), which elucidates the distinction between an attorney's liability for wrongful use of a civil proceeding and an attorney's responsibility to present a claim to a court for adjudication. *See Meiksin*, 590 A.2d at 1305; *see also Shaffer v. Stewart*, 473 A.2d 1017, 1020 (Pa. Super. Ct. 1984); *Gentzler v. Atlee*, 660 A.2d 1378, 1382 (Pa. Super. Ct. 1995)*; Bannar*, 701 A.2d at 248–49. Section 674, comment d, states:

> An attorney who initiates a civil proceeding on behalf of his client or one who takes any steps in the proceeding is not liable if he has probable cause for his action (see § 675); and even if he has no probable cause and is convinced that his client's claim is unfounded, he is still not liable if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim (see § 676). An attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances. If, however, the attorney acts without probable cause for belief in the possibility that the claim will succeed, and for an improper purpose, as, for example, to put pressure upon the person proceeded against in order to compel payment of another claim of his own or solely to harass the person proceeded against by bringing a claim known to be invalid, he is subject to the same liability as any other person.

9

Restatement (Second) of Torts § 674 cmt. d (1977). Accordingly, an attorney must balance several factors when deciding whether to pursue a client's claim.

Here, an expert would have provided a framework of acceptable legal practice. Without this expert guidance, a jury would not have the tools to make this determination, as members of a jury are usually without the special training, experience or observation to make an assessment under § 674. Unless the facts in dispute are so simple and the lack of probable cause, gross negligence, or improper purpose so clear, the layperson exception would not apply. *See Bannar*, 701 A.2d at 246–47, 249.

In contesting the defendants' motion for summary judgment, Dr. Schmidt failed to produce an expert witness to testify about defendants' conformity to the applicable standard of care. Accordingly, a fact-finder could not assess whether the defendants' actions fell below any such standard in initiating and continuing the underlying action. Dr. Schmidt did not create a genuine issue of material fact to defeat the summary judgment motion. Because the defendants' initiation or continuation of the underlying legal action is not a simple matter easily comprehended by laypersons without the guidance of expert testimony, we agree with the District Court that Dr. Schmidt's failure to provide expert testimony entitles defendants to summary judgment in their favor.

## IV.

For the reasons set forth, we will affirm the judgment of the District Court.

10

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 06-1091

---

CHRISTOPHER SCHMIDT, D.O.,
Appellant

v.

J. CRAIG CURRIE, ESQUIRE; *IRENE M. McLAFFERTY, ESQUIRE;
J. CRAIG CURRIE & ASSOCIATES; CURRIE & McLAFFERTY;
STANLEY DIETZ; DOLORES DIETZ

(*Dismissed per Court Order of 8/11/06)

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 04-cv-4233
(Honorable Harvey Bartle III)

---

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2007

Before:  SCIRICA, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

**JUDGMENT**

This cause came to be considered on the record from the United States District

Court for the Eastern District of Pennsylvania and was submitted pursuant to Third

Circuit LAR 34.1(a) on January 22, 2007.  On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court entered December 12, 2005, be, and the same is hereby affirmed.  Costs taxed against appellant.  All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: February 14, 2007

**Certified as a true copy and issued in lieu
of a formal mandate on March 9, 2007**

**Teste:** *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**

2

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4927

www.ca3.uscourts.gov

March 9, 2007

Mr. Michael E. Kunz
Eastern District of Pennsylvania
U.S. District Court
2609 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

RE: Docket No. 06-1091
    Schmidt  vs. Currie
    D.C. No. 04-cv-04233

Dear Mr. Kunz:

    Enclosed is a certified copy of the judgment together with copy
of the opinion in the above-entitled case(s). The certified judgment
is issued in lieu of a formal mandate and is to be treated in all
respects as a mandate.

        (X) We release herewith the certified list in lieu of the
record in the case(s).

    Kindly acknowledge receipt for same on the enclosed copy of this
letter.

    Counsel are advised of the issuance of the mandate by copy of
this letter.  A copy of the certified judgment is also enclosed
showing costs taxed, if any.

                        Very truly yours,
                        MARCIA M. WALDRON
                        Clerk

            By:   Dana M. Moore
                  Case Manager

Enclosure

cc:
        Marshall L. Grabois, Esq.
        Vincent P. dePillis, Esq.
        James C. Stroud, Esq.